**COLUMBUS, (City) Plaintiff-Appellee, v PATELIS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3911. Decided February 3, 1948.

Richard W. Gordon, City Atty., Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.
Lawrence R. Curtis, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

The appeal is from a judgment of conviction and sentence of the defendant in the Municipal Court of the City of Columbus. Defendant was charged with unlawfully having in his possession memorandum slips of a number of shares in a scheme of chance in violation of Section 1089-1, City Code.

There is one assignment of error, namely, the judgment of the Court is contrary to law and not sustained by the evidence and this assignment is subdivided into four specific claims of error. The first is that the ordinance must be strictly construed. If by this assignment it is asserted that the charge in the indictment must be strictly construed in favor of the defendant, it is concededly correct. Subdivision (b) is that the defendant cannot be made subject to the ordinance by implication. This likewise is true. Subdivision (c) is that there must be proof of all the necessary elements of the offense beyond a reasonable doubt. Manifestly, this is a correct statement of the law. Subdivision (d) is that the City's case lacks an essential element of proof, namely, that the numbers game in connection with which the slips may have been sold was not shown to be a game of chance.

Without citing any authorities we are content to state what the evidence offered by the State discloses. The wit-

nesses were: James Morgan and Joseph Harrell, Inspectors, Department of Liquor Control of the State of Ohio; Wilbur Stevens and Harvey H. Alston, Officers of the Police Department of the City of Columbus. At the outset it should be noted that there is no dispute in the testimony of these witnesses by the defendant, who did not take the stand in his own behalf. From one or more of the witnesses it appears that on the date laid in the affidavit the defendant's wife, at a window in his place of business, was seen to be passing out slips of paper to persons who handed money to her, some of which was seen to be pennies and small change; that the tickets were taken from a book afterwards identified, that on this occasion there were a number of persons about the window; that some fifteen minutes later both Inspectors went to this window where the wife of the proprietor had theretofore been seen and at this time another woman was there, shown to be a bookkeeper long in the employe of the defendant; that there were still a number of customers at the window, and that the Inspectors then took possession of two books and a few separate slips, one of which books contained some originals and many carbon copies of slips shown to have been employed in the numbers game, and shown to be a part of the book from which the slips of paper were taken and handed to the customers when first observed. It was further testified by both inspectors and at least one of the police officers that the numbers game is a scheme of chance; and further that at the time or soon after the confiscation of the books the defendant admitted not only that he was operating a numbers game at his place of business, but that he was also selling numbers, and other testimony was given to effect that he said that inasmuch as the books were found at his place of business it would be useless for him to deny their ownership.

It is manifest that every material element of the offense charged is either directly proven or established by permissible and proper inference from the direct testimony. Inasmuch as the defendant did not see fit to deny any part of the testimony of any witness, it is apparent that the trial judge was not only acting well within the legal intendment of the factual development, but that he could have reached no other conclusion than that the defendant had been proven guilty of the offense charged beyond doubt. The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.